**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | **CASE NO: 1:17-cr-420** |
| ) | |
| **v.** ) | **Judge Dan Aaron Polster** |
| ) | |
| **DEMOND STEELE,** ) | **OPINION AND ORDER** |
| ) | |
| **Defendant.** ) | |
| ) | |

Before the Court is Defendant Demond Steele's Motion for Compassionate Release, **Doc #: 422**. For the following reasons, Steele's Motion is **DENIED**.

**I.  Background**

Steele pleaded guilty to conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. § 846 and subsequently was sentenced to 60 months in the custody of the Bureau of Prisons. Doc. #: 282. Steele currently is held at Federal Medical Center Devens ("FMC Devens") and has an expected release date of July 29, 2023.

Steele first filed a motion for compassionate release on June 3, 2020. Doc #: 421. The Court appointed a Federal Public Defender who, on July 9, 2020, filed an amended Motion for Compassionate Release. Doc #: 422.

## II. Discussion

### A. Exhaustion

The statute which authorizes compassionate release, 18 U.S.C. § 3582(c)(1), contains an exhaustion requirement. This exhaustion requirement mandates that a defendant first ask the Bureau of Prisons ("BOP") to bring a motion for compassionate release on his or her behalf. 18 U.S.C. § 3582(c)(1). A defendant may then file a motion for compassionate release with a court after:

> [T]he defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).

Steele satisfied this exhaustion requirement. He submitted a request for sentence modification to the Warden of FMC Devens, which was denied on May 18, 2020. Doc #: 422-1. Thus, more than 30 days clearly lapsed between the time the request was made and July 9, 2020, when the present Motion was filed.

### B. Merits

Under § 3582(c)(1)(A)(i), to grant a sentence modification, a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community, and (3) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

Here, the only relevant category is the fourth category, labeled "other reasons."[1] *Id.* at 8. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *Id.*

The Court is not confident that Steele's circumstances present extraordinary and compelling reasons for a sentence modification. The Court is satisfied that Steele is at high risk of having grave complications should he contract COVID-19. Among other illnesses, Steele has end-stage renal disease requiring hemodialysis and hypertension, which The Centers for Disease Control and Prevention list as risk-factors.[2] But FMC Devens has only nine confirmed COVID-19 cases.[3] The Court is not confident that nine confirmed COVID-19 cases, especially in a medical center presumably well-equipped to treat ill inmates, warrants compassionate release.

Regardless of whether Steele's circumstances present extraordinary and compelling reasons for a sentence modification, he is not entitled to compassionate release because the reduction is not appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). A court must already consider these factors when sentencing a defendant. Upon a motion for compassionate release, a court must determine whether the changed circumstances cause the § 3553(a) factors to be weighed differently. Generally, the § 3553(a) factors favor release when a

---

[1] Steele also argues that he is entitled to release under the category labeled "medical condition." Doc #: 422. This category is not used to consider motions based on COVID-19. *See Hardin*, 2020 U.S. Dist. LEXIS 90855, at *8. To the extent Steele asks the Court to apply the medical condition category without considering COVID-19, Steele's request is meritless because he fails to show that end-stage kidney failure substantially diminishes his ability to provide self-care within FMC Devens, a medical facility where he is provided medications and regular dialysis.
[2] The CDC provides that people with chronic kidney disease are at increased risk of severe illness from COVID-19 and that people with hypertension might be at increased risk of severe illness from COVID-19. *People of Any Age with Underlying Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited 7/13/2020).
[3] *COVID-19 Cases*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited 7/13/2020).

high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining. *Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at 10. Here, Steele has more than three years remaining on a sentence imposed for a very serious crime – trafficking in heroin. Thus, the § 3553(a) factors do not support granting compassionate release.

### III. Conclusion

For the above reasons, Steele's Motion, **Doc #: 422**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster July 13, 2020*
**Dan Aaron Polster**
**United States District Judge**