## IN THE UNITEST STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff** | ) | CASE NO. 1:17-CR-420 |
| | ) | |
| | ) | JUDGE DAN A. POLSTER |
| **v.** | ) | |
| | ) | **OPINION AND ORDER** |
| **DEMOND STEELE,** | ) | |
| | ) | |
| **Defendant** | ) | |

## MEMORANDUM

Before the Court is Defendant Demond J. Steele's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for Immediate Compassionate Release, **ECF Doc. #: 453**. For the foregoing reasons, Defendant Steele's motion is **GRANTED**.

### I. Background

On February 22, 2019, Defendant Steele was sentenced to 60 months of imprisonment, and four (4) years of supervised release, after pleading guilty to one count of Conspiracy to Possess with Intent to Distribute and to Distribute Heroin. *See* ECF Doc. #: 282. Steele is currently being held at Springfield MCFP and has a release date of July 29, 2022.[1] He suffers from End-Stage Renal Disease (among other conditions). *See* ECF Doc. #: 453. He asks the Court through counsel to release him immediately because his conditions have life-threatening consequences if he were to contract COVID-19. On March 30, 2021, the Government filed a response in opposition. ECF Doc. #: 455. Defendant Steele filed his reply on April 9, 2021. ECF Doc. 456.

---

[1] *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 12, 2021).

1

## II. Discussion[2]

Under § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the community; and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *United States v. Taylor*, Case No. 4:19 CR 206, 2021 U.S. Dist. LEXIS 19541, at *2 (N.D. Ohio Feb. 2, 2021).

### A. Extraordinary and Compelling Reasons

To determine whether extraordinary and compelling reasons for sentence modification exist, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *See United States v. Jones*, No. 20-3701, 980 F.3d 1098, 1109 (6th Cir. Nov. 20, 2020) ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release…").

The Centers for Disease Control and Prevention ("CDC") have determined that certain medical conditions unquestionably present an increased risk from COVID-19.[3] Steele was diagnosed with polycystic kidney disease, and eventually End-Stage Renal Disease. *See* ECF Doc. #: 453 at 7-8. Steele undergoes a dialysis session three times a week for 3.5 hours and is on 11 prescription medications. *Id*. Steele needs a kidney transplant but does not qualify because he is in prison. *Id*. at 14. The CDC has determined that chronic kidney disease of any stage

---

[2] A defendant must satisfy § 3582(c)(1)(A)(i)'s exhaustion requirement before filing a motion for compassionate release. Steele has satisfied the exhaustion requirement.

[3] People with Certain Medical Conditions, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 12, 2021).

2

places a person at risk for severe complications from COVID-19, and the government concedes this fact. *See* ECF Doc. 455 at 12. However, the government asserts that Steele's attempt to rely on the increased risk that he faces from COVID-19 is undercut by his decision to refuse a COVID-19 vaccine. *Id*. The Court disagrees. Steele contends that he has not been vaccinated because, while the vaccine is deemed safe, if Steele experiences a negative reaction from the vaccine, it can have life-threatening consequences due to Steele's serious medical condition. Steele explains that he has a history of negative reactions from vaccines, since his End-Stage Renal Disease has progressed and represents that after taking the flu vaccine prior to his incarceration, he was hospitalized for several months due to his negative reaction. *See* ECF Doc. 453 at 7-8. Therefore, the Court finds that Steele's refusal for not taking the COVID-19 vaccine is not arbitrary. Notably, Springfield has the highest inmate death total in the Bureau of Prisons.[4] On April 7, 2021, Springfield issued a notice stating that two inmates have died after testing positive for COVID-19. *See* ECF Doc. 456, Ex. 1. Accordingly, the Court finds that Steele satisfies the requirements of the "extraordinary and compelling reasons" test.

**B. § 3553 Factors[5]**

The Court, in sentencing an individual, must hand down a term that is "sufficient, but not greater than necessary, to comply with the purposes" of incarceration. 18 U.S.C. § 3553(a). These purposes also bear strongly on whether a court can modify a sentence after the fact. Among the factors the Court weighs are the nature and circumstance of the offense, the defendant's history and characteristics, and the need to promote respect for the law. 18 U.S.C. § 3553(a)(1) and (2).

---

[4] *See* Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last accessed April 12, 2021).
[5] Due to significant overlap between factors the Court must consider when analyzing a defendant's danger to the community and the § 3553(a) sentencing factors, the Court will address both in one section.

Another element that a court can consider is the length of the original sentence and the proportion of that sentence served. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020); *see also United States v. Relliford*, 2021 U.S. App. LEXIS 5188, at *3 (6th Cir. Feb. 22, 2021) ("[T]he length of time remaining on [Defendant]'s sentence...is relevant to several of the § 3553(a) factors.").

The government highlights that Steele has an extensive criminal background record, including multiple drug offenses. Given that Steele is set to be released regardless in no more than approximately 15 months, the Court affords his prior criminal record little weight. *See United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009) (district courts have "broad discretion to determine what sentence will serve [§ 3553(a)'s] statutory objectives."). Steele's offense was not a violent offense, and he has continuously accepted responsibility for his conduct. *See United States*, 2021 U.S. App. LEXIS 5188, at *2-3 (finding that the district court properly considered the § 3553(a) factors when looking at the seriousness of the offense as well as the amount of time remaining on the defendant's sentence). He has made strides in prison, including participating in several programs, and has family willing to take him in upon release. *See* ECF Doc. 453 at 9-10 and Ex. 1. As such, it does not appear that he poses a danger to the safety of any person or the community.

Further, the sentence would seem to have served its purpose. Steele is 49 years old with many debilitating health problems. Steele's RDAP Counselor has penned a letter stating the progress he has made in the drug program. *See* ECF Doc. 453, Ex. 1. Given the COVID-19 risks at Springfield and Steele's deteriorating health, the Court finds that Steele's time in prison is adequate to achieve much of the original sentence's purpose in terms of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, and providing a deterrent

4

effect. *See* 18 U.S.C. § 3553(a)(2). A minor reduction in his sentence will not undo the punishment Steele has already been subjected to, nor will it eradicate the effects of his original sentence.

Because this Court balanced the 3553(a) factors when initially sentencing Steele and the sense of urgency, the Court need not pen a lengthy opinion regarding 3553(a) factors. *See United States v. Jones*, No. 20-3701, 2020 U.S. App. LEXIS 36620, at *30 (6th Cir. Nov. 20, 2020) ("Reading the judge's compassionate release decision and the original sentencing hearing transcript together reveals that the district judge carefully considered all relevant § 3553(a) factors."). Accordingly, upon careful consideration, the Court finds the § 3553(a) factors favor release.

### III. Conclusion

The time Steele has served is sufficient punishment, particularly considering the likelihood of severe medical complications or death should he contract COVID-19. The Court sincerely hopes Steele will go forth and live a law-abiding life. Life is not guaranteed, and he should spend every minute of it with his five children and fiancé.

The Court hereby reduces Steele's sentence to time served, plus up to 10 days in the discretion of BOP to quarantine Steele prior to release. Steele's term of supervised release remains at four (4) years, subject to the terms imposed at sentencing.

For the above reasons, Defendant Steele's Motion, **ECF Doc. 453**, is **GRANTED**.

**IT IS SO ORDERED.**

                                                                          */s/ Dan Aaron Polster April 12, 2021*
                                                                          **Dan Aaron Polster**
                                                                          **United States District Judge**